SÁNCHEZ ET AL., PETITIONERS, *v.* CUEVAS ZEQUEIRA, DISTRICT JUDGE, RESPONDENT, (GOFFINET ET AL., INTERVENORS).

PETITION for a Writ of *Certiorari* to the Judge of the District Court of Humacao in an Action for Injunction.

No. 151.—Decided July 24, 1915.

CERTIORARI—EXTRAORDINARY REMEDY—ORDINARY REMEDY.—It has been held repeatedly by the courts of the United States and by this court that as *certiorari* is an extraordinary remedy it does not lie when there is another adequate, speedy and efficient remedy in the ordinary course of law.

ID. — APPEAL — ORDINARY REMEDY. — The ordinary remedy should be adequate, speedy and efficient and the fact that the ordinary remedy of appeal not only lies but actually has been taken advantage of and is pending does not preclude the issuance of a writ of *certiorari* if the court is convinced that the ends of justice require it for a review of the proceedings.

ID.—INJUNCTION—APPEAL—UNJUSTIFIABLE DELAY.—In an action for injunction in which certain persons who were in possession of a sugar-cane plantation owned by them have been ejected therefrom in less than fifteen days without a- hearing and other persons have been given the possession and control thereof, having to wait four months for a decision on appeal when the court has at its command means by which to hear and decide immediately the question involved would be an unjustifiable delay in the administration of justice.

INJUNCTION—CONTRACT—AGRICULTURAL FINANCING.—As the Act governing con-
tracts for agricultural financing and grinding of sugar cane provides only
·that specific performance of such contracts may be enforced by injunction,
this remedy should be applied according · to the law governing injunctions
generally.

DELEGATION OF POWERS—MARSHAL—JUDICIAL FUNCTIONS.—Neither in the act
creating the office of district marshal, nor in any other existing law, nor in
the jurisprudence relating to the matter, is there anything which authorizes
a district judge to delegate to the marshal his province to examine and weigh
evidence and take such action as the result may require. Although it is true
that in some cases a marshal may exercise quasi-judicial functions, as a
general rule his powers and duties are of a ministerial nature.

The facts are stated in the opinion.

*Messrs. C. Travecier* and *Arturo Aponte, Jr.,* for the peti-
tioners.

*Mr. Herminio Díaz Navarro* for the intervenors.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an application by Francisco Sánchez and his wife,
Mercedes Pagán, for a writ of *certiorari* to obtain a review
of certain proceedings in an action for an injunction in the
District Court of Humacao.

The writ having been issued, the original record was sent
up, the said suit being entitled as follows: "District Court
of Humacao, No. 3957. Barons Augusto and Constantino
Goffinet v. Francisco Sánchez and his wife, Mercedes Pagán,
in an action for injunction." From an examination of the
said record it appears that the complaint, dated June 19,
1915, was filed in the said District Court of Humacao alleging,
in synopsis, that the defendants had entered into a certain
contract with the plaintiff for an agricultural loan, in con-
sideration of which they agreed to cultivate a specified num-
ber of *cuerdas* of sugar cane, and that notwithstanding the
said agreement and the fact that the plaintiffs had fulfilled
all of their obligations, the defendants had abandoned the
cultivation and care of the cane planted, amounting to about
280 *cuerdas,* to the extent that if matters continued thus all
the cane would be lost. The final allegation of the complaint

is that the conduct of the defendants is causing the plaintiffs the damages defined by the Act of March 9, 1911, as irreparable. The original loan contract was attached to the complaint and made a part thereof, but notwithstanding this fact, at the instance of the plaintiffs it was detached from the record and no copy was substituted therefor. The complaint is not endorsed as filed.

On June 21, or three days after the date of the complaint, the district court, without hearing the defendants, entered an order which, in its pertinent parts, reads as follows:

"Having considered the petition of the plaintiffs, Barons August and Constant Goffinet, for an injunction against Francisco Sánchez Rodríguez and his wife, Mercedes Pagán, pursuant to the provisions of the Act of March 9, 1911, amending the Act entitled 'An Act to provide for contracts of advances for agricultural purposes and grinding of cane, and for other purposes,' approved March 9, 1910, to restrain the said defendants from disposing of or selling the standing cane which the said defendants have on lands of the plantations of Messrs. Valdés in the municipality of San Lorenzo, except in accordance with the contract of advances for agricultural purposes entered into between the plaintiffs and the defendants in this action and recorded in the Registry of Property of Caguas on February 5 1914, and to order the defendants to continue forthwith the cultivation of the said cane as stipulated in the said contract, warning them that in case of their failure to do so without delay they will be adjudged in contempt and the plaintiffs will be placed in charge of such cultivation;

"It appearing to be proved satisfactorily by the verified complaint filed praying for an injunction and by the recorded contract attached to the said complaint that the petition conforms to the requirements of law;

"Therefore, the defendants in this case, Francisco Sánchez Rodríguez and Mercedes Pagán, are enjoined from disposing of or selling the standing cane which they have on the property of Messrs. Valdés, as described in the said contract, which was recorded in the Registry of Property of Caguas on February 5, 1914, except in accordance with the said contract, and ordered to resume its cultivation under the penalty of being adjudged in contempt and substituted by the

plaintiffs in the said cultivation should they fail to comply herewith without delay; and the plaintiffs shall furnish a bond in the sum of $1,000 in favor of the defendants in this action to respond for any damages which may be caused them by reason of this injunction.''

On June 22 a bond in the sum of $1,000 was filed and on June 23 the marshal served the order of the court on the defendants.

On June 23 the defendants objected to the surety. Recognizing that the bond was defective, on June 26 the plaintiffs substituted therefor another which had been sworn to and subscribed on June 25, and on June 30, upon motion of the plaintiffs, the court set aside its order setting a day on which to pass upon the sufficiency of the original bond and ratified its order of June 21, 1915.

At this stage, on July 1, 1915, the plaintiffs filed a motion, which does not appear to have been served upon the adverse party, for a new order amplifying the former order to the effect that if the marshal should find the cane in the abandoned condition set out in the motion, he should notify the defendants as well as the plaintiffs immediately that from the time of such notification the latter assumed charge of the cultivation of the cane.

Without hearing the defendants the court made an order on the same first day of July, 1915, the pertinent part of which reads as follows:

"Having considered the foregoing verified motion, the court orders that as an enlargement of its order of yesterday a new writ issue to the marshal to the effect that if at the time of executing the writ delivered to him the preceding day he should find that defendant Sánchez Rodríguez has not attended to the cultivation of the cane referred to in the complaint and in the said order, and that it is in such condition for lack thereof that probably it will be lost unless attended to promptly, he shall notify the said Sánchez Rodríguez and his wife as well as the plaintiffs who are represented by their agent, Prudencio Witteman, that from the time of such notification the said plaintiffs will take charge of the cultivation of the cane de-

scribed in the complaint, and shall file a report monthly in this court showing what has been done and the amounts expended monthly for the purposes of said cultivation.''

On July 2 the said order was served by the marshal and returned as follows:

''I certify that in compliance with this order I went to the district of San Lorenzo on July 1, 1915, and after inspecting the cane plantation of the spouses Sánchez Rodríguez and finding that said Sánchez had not attended to the cultivation of the cane referred to in the complaint and that a great part was covered with grass, I served notice on Francisco Sánchez Rodríguez and Mercedes Pagán (his wife) that from that moment the plaintiffs, Barons August and Constant Goffinet, assumed charge of the cultivation of the canes described in the complaint and would report to the District Court of Humacao regarding the monthly expenses incurred by the plaintiff corporation. I served copies of the orders on the defendants personally.''

The plaintiffs in the action for injunction intervened in this *certiorari* proceeding and alleged that it should be dismissed because the record in the said action showed that the petitioners in the *certiorari* proceeding, defendants in the action for injunction, had appealed to the Supreme Court from the orders of June 21 and 30 and July 1, 1915, transcribed above.

This is true, but the petitioners allege that in view of the attendant circumstances an appeal does not constitute an adequate and sufficient remedy for the protection of their right.

It has been held repeatedly by United States courts and by the Supreme Court of this island that as *certiorari* is an extraordinary remedy, it does not lie when there is another speedy, adequate and sufficient remedy in the ordinary course of law. That an ordinary remedy exists is not enough; it must be adequate and sufficient for the protection of the right claimed.

The fact that there not only exists, as in the present case, an ordinary remedy of appeal from the orders of June 21 and 30 and July 1, 1915, but that such appeal has been actually taken and is now pending, is no bar to the issuance of an absolute writ of *certiorari*. If the court is convinced that the ends of justice require it to take such jurisdiction, we are of the opinion that it may issue the writ and review the proceedings.

Within a few days this court will enter upon its regular vacation period of three months. Supposing that the appeal could be perfected during the vacation, the hearing would be set for November and judgment probably rendered in November or December. So unless the matter is decided at this time no decision thereon will be rendered for at least four months. If it were a matter of the collection of a sum of money, of the recovery of real property, etc., the deferring of judgment for a few months would not be allowed to serve as a ground for departing from the usual remedies which citizens have for the enforcement of their rights. But this is an action for an injunction in which certain persons who were in possession of a sugar cane plantation belonging to them are ejected therefrom within a period of less than fifteen days without a hearing and other persons are put in the possession and control thereof. In such a case an interval of four months would amount to an unjustifiable delay in the administration of justice when the court has sufficient means at its command to decide forthwith the question involved.

The statute cited by the plaintiff in the action for injunction and applied by the district judge is contained in the Acts of 1911, page 185. It is section 19 of the Act to provide for contracts of advances for agricultural purposes and grinding of cane, as amended in 1911, and reads as follows:

"That in case of breach of a contract for the grinding of cane or for the delivery of the same, the party injured by such breach may compel the specific performance by means of an injunction, of

the contract, in so far as it refers to the crop standing and growing upon the land at the time of the breach; it being understood that the remedy of specific performance or of injunction shall not be granted in reference to crops not then growing as to which the party injured by the breach is left to his action at law for damages.''

The petitioners raise an interesting question as to whether that act is applicable or not to this particular case. We do not think this the opportune moment to decide that question and shall start from the basis that an injunction lies to compel the specific performance of the contract entered into' by the parties in this case, limiting our examination to the proceedings followed by the court.

In our opinion the said proceedings are so opposed to the fundamental idea of justice, which requires that every person be given an opportunity to defend his rights before he can be deprived thereof, that they must be set aside in their entirety by this court.

The act relating to agricultural contracts only provides that the specific performance of the contract may be enforced by means of an injunction. It is natural that such injunction should be governed by the provisions of the general act regulating injunctions in Porto Rico. Acts of 1906, pages 86-90.

This is not a case of a preliminary injunction, but of an injunction which is a complete action in itself, and the suit was actually decided without giving the defendants a hearing. But this is not all. A question of fact arose which should have been established by evidence and the court commissioned the marshal to examine and weigh that evidence, the officer charged with the execution of the orders of the court becoming converted into a real judge of the same.

We find nothing to support the action of the court either in the Act of 1904 creating the office of district marshal or in any other law in force in Porto Rico or in the jurisprudence relating to the matter.

In summarizing the jurisprudence, Cyc. says that the powers and duties of a sheriff are ordinarily of a ministerial nature, although he may at times exercise judicial functions and examine evidence and make up judgments which are to become the basis of his actions and conduct and of the actions and conduct of others. 35 Cyc. 1527. In Porto Rico there was a case in which marshals exercised judicial functions,—that is, in the case of the intervention of third parties arising in the execution of judgments,—but this proceeding was abolished later by the Legislature. Also, marshals usually have certain special powers, such as maintenance of the peace, the arrest, custody and control of offenders, etc., which powers call for the investigation by them of certain facts and the adoption of measures after considering the attendant circumstances. But in no part of the law in force nor in any of the cases which we have examined do we find anything in support of the theory that the court may delegate to the marshal its powers to weigh the evidence and commission him also to take such steps as he may deem advisable according to the results of his investigation.

In view of all the foregoing, the orders of June 21 and 30 and of July 1, 1915, which were entered by the District Court of Humacao in said case No. 3957, should be set aside and the case remanded to the said district court to be proceeded with in accordance with the doctrine laid down in this opinion.

*Petition granted and order set aside.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.